EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>María V. Ferrer de Glassberg | 2015 TSPR 60<br><br>192 DPR ____ |

Número del Caso: TS-3737

Fecha: 12 de marzo de 2015

Programa de Educación Jurídica Continua:

Lcda. Geisa Marrero Martínez
Directora Ejecutiva

Materia: La suspensión será efectiva el 7 de mayo de 2015, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

María V. Ferrer de Glassberg            TS-3737

PER CURIAM

San Juan, Puerto Rico, a 12 de marzo de 2015.

Nuevamente, nos vemos obligados a suspender del ejercicio de la abogacía a una profesional del Derecho por incumplir con los requisitos del Programa de Educación Jurídica Continua, y no actualizar su información personal en el Registro Único de Abogados y Abogadas de Puerto Rico.

I

La Lcda. María V. Ferrer de Glassberg (licenciada Ferrer de Glassberg) fue admitida al ejercicio de la abogacía el 9 de diciembre de 1970 y al de la notaría el 29 de diciembre del mismo año. Ésta renunció al ejercicio de la notaría el 30 de julio de 1991 por motivo de su traslado de residencia a los Estados Unidos. Sin embargo, en

ese momento no informó a este Tribunal los pormenores de cuándo y a dónde se trasladaría.

La licenciada Ferrer de Glassberg no cumplió con los requisitos del Programa de Educación Jurídica Continua para los periodos del 1 de agosto del 2007 al 31 de julio de 2009. Como consecuencia, el 10 de octubre de 2014, la Directora del Programa de Educación Jurídica Continua nos sometió el *Informe sobre incumplimiento con requisito de educación jurídica continua*.

En el referido informe se detalla que el 3 de septiembre de 2009 se envió a la letrada un *Aviso de Incumplimiento* confiriéndole un término de 60 días adicionales para tomar los cursos de educación continua. Ante la omisión de completar los cursos, el 1 de septiembre de 2011, el Programa de Educación Jurídica Continua citó a la licenciada Ferrer de Glassberg a una vista informal a celebrarse el 28 de ese mes. Sin embargo, la togada no compareció a la vista informal.

Asimismo, la Directora del Programa de Educación Jurídica Continua resalta que todas las comunicaciones fueron remitidas a la última dirección que consta en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). Empero, no hubo éxito en localizar a la licenciada Ferrer de Glassberg y la administradora del bufete donde ésta laboraba informó que desconoce la dirección actual de la abogada e informó que desde hace algún tiempo no ejercía la profesión.

Así las cosas, el 31 de octubre de 2014 este Tribunal emitió una Resolución concediendo a la licenciada Ferrer de Glassberg un término de 20 días para mostrar causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el Programa de Educación Jurídica Continua. La Resolución fue notificada a la última dirección que aparece en el RUA. La letrada ha hecho caso omiso a nuestra orden.

## II

Como es sabido, los abogados y abogadas están obligados a "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". 4 LPRA Ap. IX C. 2. Como consecuencia, este Tribunal promovió el Reglamento de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D, con el propósito de establecer y regular un programa de educación jurídica obligatorio el cual contribuya al mejoramiento profesional. *In re* Rivera Trani, 188 DPR 454, 459 (2013).

El Programa de Educación Jurídica Continua requiere a la clase togada que cursen 24 créditos de educación jurídica continua con algún proveedor acreditado, salvo ciertas excepciones. *In re* Villamil Higuera, 188 DPR 507 (2013). Los abogados y abogadas que incumplan con tales requisitos, deben justificar su acción y pagar una cuota de $50. *Véase*, Reglamento del Programa de Educación

Jurídica Continua de 2005, 4 LPRA Ap. XVII-E. En estos casos, el Director o Directora del Programa de Educación Jurídica Continua deberá citar a los abogados a una vista informal para que éstos expliquen las razones para su incumplimiento. Íd. En caso de que el letrado no asista a la vista informal, el Programa de Educación Jurídica Continua remitirá el asunto ante este Tribunal.

En reiteradas ocasiones este Tribunal ha disciplinado a aquellos miembros de la profesión legal que han desatendido los avisos de incumplimiento y no han completado las horas créditos de educación jurídica continua. *Véanse*, *In re* Rivera Trani, *supra*; *In re* Villamil Higuera, *supra*; *In re* Camacho Hernández, 188 DPR 739 (2013); *In re* Ramírez Ferrer, 183 DPR 382 (2011); Galarza Rodríguez, *Ex parte*, 183 DPR 228 (2011). Igualmente, hemos actuado cuando los abogados y abogadas quebrantan su obligación de notificar cualquier cambio de dirección postal o física a este Tribunal. *Véase*, Regla 9(j) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B R. 9(j). De esta forma se estableció el RUA con el propósito principal de centralizar en una base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. *In re* Camacho Hernández, *supra*, pág. 743; *In re* Toro Soto, 181 DPR 654, 660-661 (2011).

III

A tenor con lo expuesto, la licenciada Ferrer de Glassberg incumplió con los requisitos de educación jurídica continua para el periodo de 1 de agosto de 2007 al 31 de julio de 2009. La inobservancia de cumplir con el mínimo de horas créditos impone al abogado y abogada el deber de acreditar si existe alguna razón por la cual estaba exento para ello. La licenciada Ferrer de Glassberg no ha expresado justificación alguna para tal omisión. A su vez, su actitud ha sido una indiferente al no comparecer a los requerimientos del Programa de Educación Jurídica Continua y de este Tribunal. Por último, la letrada incumplió con el deber que impone la Regla 9(j) de nuestro Reglamento, *supra*, al no informar ni mantener al día los cambios de direcciones físicas y postales.

IV

Por lo anterior, suspendemos inmediata e indefinidamente a la Lcda. María V. Ferrer de Glassberg del ejercicio de la abogacía por incumplir con los requisitos del Programa de Educación Jurídica Continua y no informar a nuestra Secretaría los cambios de dirección postal y física conforme a nuestro Reglamento.

La licenciada Ferrer de Glassberg tiene el deber de notificar a sus clientes, si alguno, de su inhabilidad para seguir con su representación y deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además,

deberá informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán certificarse a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re*:


María V. Ferrer de Glassberg                    TS-3737


SENTENCIA


San Juan, Puerto Rico, a 12 de marzo de 2015.


Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. María V. Ferrer de Glassberg del ejercicio de la abogacía por incumplir con los requisitos del Programa de Educación Jurídica Continua y no informar a nuestra Secretaría los cambios de dirección postal y física conforme a nuestro Reglamento.

La licenciada Ferrer de Glassberg tiene el deber de notificar a sus clientes, si alguno, de su inhabilidad para seguir con su representación y deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán certificarse a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta no interviene.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo